**James P. DUNN, d/b/a Rocky Mountain/Eastern, Appellant (Defendant),**

v.

**RESCON TECHNOLOGY CORP., a/k/a Rocky Mountain Chemical Company, Appellee (Plaintiff).**

No. 94–28.

Supreme Court of Wyoming.

Nov. 10, 1994.

Donald E. Chapin of Crowell and Chapin, P.C., Casper, representing appellant.

Les Bowron of Beech Street Law Offices, Casper, representing appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant James P. Dunn appeals from the district court's judgment in favor of Appellee Rescon Technology Corp. for the amount of $38,736.24 plus costs and post-judgment interest.

We affirm.

## ISSUES

Dunn presents three issues for review:

1. Did the plaintiff (Appellee) meet its burden of proof in establishing a balance on an open account?

2. Did the trial court abuse its discretion in entering a judgment in favor of plaintiff and against the defendant in the amount of $38,766.24?

3. Was the allowance of pre-judgment interest justified by the evidence produced?

## FACTS

In 1982, Dunn became a distributor for Rescon Technology, selling its construction materials for concrete repair. Rescon Technology allowed Dunn to make purchases for his distributorship of up to $50,000 on an open-account basis.

After Dunn began purchasing products from Rescon Technology, a dispute arose about how much Dunn owed Rescon Technology. Dunn contested Rescon Technology's method of applying his payments toward the oldest unpaid invoices. The parties also disagreed about when discounts had been permitted and about the interest which Rescon Technology had applied to the unpaid balances.

Despite the parties' disputes, Dunn continued to purchase and distribute Rescon Technology products until January 1991. On January 17, 1991, Rescon Technology demanded that Dunn pay the outstanding balance on his Rescon Technology account in the amount of $14,649.54 plus interest. Dunn did not pay the amount. Rescon Technology filed a complaint in the district court on February 13, 1991, which prayed for a judgment against Dunn for the balance he owed on his open account plus interest.

Rescon Technology's demand and complaint both claimed that Dunn owed $14,-649.54 plus interest as of January 1986. Before trial, Rescon Technology submitted copies of its invoices and account ledgers to Dunn. After he had reviewed those records, Dunn discovered two canceled checks which Rescon Technology had failed to credit toward his account. Dunn sent copies of the checks to Rescon Technology, and Rescon Technology reexamined its records of Dunn's account.

Rescon Technology confirmed that it had failed to credit the two checks to Dunn's account. Rescon Technology also found that it had failed to add interest to some of Dunn's late payments, that it had awarded some discounts which Dunn had not earned, that it had compounded interest on some of Dunn's late payments, and that Dunn had failed to pay for two additional purchases. Rescon Technology recalculated the amount which Dunn owed and found that the amount due, including interest, was $38,736.24.

The district court granted a partial summary judgment on January 22, 1993, in favor of Rescon Technology as to the interest which it had applied to Dunn's unpaid invoices. In its decision letter, the district court stated:

[T]he Court finds that there is a genuine dispute as to the principal amount owed. There is no genuine dispute concerning the [interest] which should apply to this amount. The parties agreed on [interest] of 1.75% per month on balances over 30 days. It was not part of the agreement that this interest should be compounded.

The district court held a bench trial on October 7, 1993. At the trial, Rescon Technology moved to amend its prayer for relief in its complaint so that the complaint would conform to the evidence. *See* W.R.C.P. 15(b). After the trial, the district court entered a judgment generally in favor of Rescon Technology in the amount of $38,736.24 plus costs and post-judgment interest. Dunn appealed from the district court's judgment.

### SUFFICIENCY OF THE EVIDENCE

Dunn asserts that the district court's judgment was contrary to the evidence, that the district court abused its discretion when it entered the judgment, and that Rescon Technology did not meet its burden of proof. We are convinced, however, that these arguments raise only one issue: Whether sufficient evidence supported the district court's judgment in favor of Rescon Technology.

The standard for reviewing the sufficiency of the evidence is well established. On review, this court assumes that the evidence in favor of the successful party is true. We leave out of consideration entirely the evidence presented by the unsuccessful party that conflicts with the evidence of the successful party, and we afford to the evidence of the successful party every favorable inference that may be reasonably and fairly drawn from it.

*Kadrmas v. Valley West Homeowner's Association,* 848 P.2d 826, 828 (Wyo.1993) (citation omitted), *quoted in Sannerud v. Brantz,* 879 P.2d 341, 344 (Wyo.1994). *See also Rocky Mountain Helicopters, Inc. v. Air Freight, Inc.,* 773 P.2d 911, 915 (Wyo.1989).

■ In a claim arising from an account, the plaintiff has the burden of proving the items of the account. *See Edmonds v. Valley National Bank of Arizona,* 518 P.2d 7, 10 (Wyo.1974).

In connection with these contentions, it is important to note that an action on account (distinguished from that on an account stated) refers to the type of relation between the parties and not to any specific record; that its purpose is to avoid a multiplicity of suits, each based on a separate item or transaction; that it is founded on implied or express contract or contracts for the purpose of balancing a series of transactions between the parties; that admissibility of records, etc., are subject to the usual hearsay rule and exceptions thereto, e.g., business records; and that the elements for proof are substantially the same as in any other contractual or quantum meruit action.

. . . .

In an action on an account, identifiable charges and payments (debits and credits) together with beginning and ending balances of the account must be available to the party against whom the obligation is claimed in order that such party can contest one or more of such items.

*Rocky Mountain Helicopters, Inc.,* 773 P.2d at 921-22.

■ The evidence presented at the trial disclosed that the accountants went through a lengthy accounting process in calculating the amount owed. Rescon Technology's former office manager and its president both testified that Rescon Technology's account ledgers accurately reflected the amount owed by Dunn. Rescon Technology made its invoices and account ledgers available to Dunn prior to the trial. As we stated in *Rocky Mountain Helicopters, Inc.:*

Under the circumstances of this case, the trial court could properly find that the items upon which the open account was based were available to [the defendants], and that, in fact, they had reviewed them during discovery and had been made aware of correcting computations. The trial court had evidence in favor of the successful party on this issue in the form of oral testimony as to the balance of the account. . . .

773 P.2d at 922-23. The district court's judgment in favor of Rescon Technology is supported by sufficient evidence.

## Prejudgment Interest

Dunn contends that the district court should not have awarded prejudgment interest because the amount of Rescon Technology's claim was not readily computable by performing a basic mathematical calculation and, therefore, it was unliquidated.

"Prejudgment interest is recoverable in Wyoming on liquidated claims but not on unliquidated claims, with a liquidated claim being defined as one that is readily computable by basic mathematical calculation." *O's Gold Seed Company v. United Agri-Products Financial Services, Inc.*, 761 P.2d 673, 677 (Wyo.1988). *See also Bueno v. CF & I Steel Corporation*, 773 P.2d 937, 940 (Wyo. 1989). "Mere differences of opinion as to the amount due do not preclude prejudgment interest nor do disputes as to liability." *Rissler & McMurry Company v. Atlantic Richfield Company*, 559 P.2d 25, 33 (Wyo.1977). " 'The fact that a skilled accounting may be necessary, involving a determination of amount of sales, prices received, and overhead expenses does not prevent the allowance of interest.' " 559 P.2d at 34 (quoting 5 Arthur Linton Corbin, Corbin on Contracts § 1046 at 286–87 (1964)).

Dunn does not deny that he agreed to pay the interest on his late payments.[1] Rescon Technology added the agreed-upon interest to the amount due on each unpaid invoice when the amount had not been paid within thirty days after the date of the invoice. While Dunn disputes the total amount due, his dispute does not render Rescon Technology's claim unliquidated. The amount due on each of Dunn's purchases was readily computable by performing a basic mathematical calculation. Rescon Technology's claim was, therefore, liquidated, and the district court did not err by including interest in its judgment.

## Conclusion

The district court did not err by entering a judgment in favor of Rescon Technology in the amount of $38,736.24 plus costs and post-judgment interest.

Affirmed.

---

1. Dunn's argument implies that the applicable rate of prejudgment interest is the statutory rate defined in Wyo.Stat. § 40–14–106(e) (1993). Section 40–14–106(e), however, does not apply when the parties have agreed upon an interest rate which is different from the statutory rate. *Rissler & McMurry Company*, 559 P.2d at 31. *See also Miles v. CEC Homes, Inc.*, 753 P.2d 1021, 1028 (Wyo.1988) (holding that parties had no agreement to pay interest).