2011 WY 74

**JOE'S CONCRETE AND LUMBER, INC., Enercrest, Inc., and Enercrest Products, Inc., Wyoming Corporations, Appellants (Plaintiffs),**

v.

**CONCRETE WORKS OF COLORADO, INC., a Colorado Corporation, and Hartford Casualty Insurance Company, an Indiana Company, doing business as a Foreign Insurance Company, Appellees (Defendants).**

No. S–10–0036.

Supreme Court of Wyoming.

May 2, 2011.

Representing Appellants: Andrea L. Richard of The Richard Law Firm, P.C., Jackson, Wyoming.

Representing Appellees: William H. Twichell, Pinedale, Wyoming.

Before KITE, C.J.,* and HILL, VOIGT ** , BURKE, JJ., and SKAR, D.J.

KITE, Chief Justice.

[¶ 1] After a jury found that Concrete Works of Colorado, Inc. (CWC) breached its contract with Joe's Concrete and Lumber, Inc. (Joe's Concrete), Joe's Concrete presented evidence documenting its claim for attorney fees. The district court declined to consider the documentation on the ground that it was not presented at trial, concluded the evidence presented at trial did not support an attorney fees award and denied the attorney fees claim in its entirety. On appeal, Joe's Concrete contends the district court erred in failing to consider the evidence.[1] We reverse and remand.

## ISSUE

[¶ 2] The issue for our determination is whether the district court properly denied attorney fees.

## FACTS

[¶ 3] In 2006, the town of Marbleton, Wyoming awarded CWC a contract to perform work on a curb and gutter infrastructure project. Prior to receiving the award, CWC posted a performance bond which was issued by Hartford Casualty Insurance Company (Hartford). After being awarded the project, CWC contacted Joe's Concrete and requested concrete pricing, which Joe's Concrete provided.

[¶ 4] Between September and early October of 2006, Joe's Concrete delivered approximately fifty mixer truck loads of concrete to CWC. With each delivery, Joe's Concrete provided invoices which contained the following provision:

* Reassigned to Chief Justice Kite on January 20, 2011.

** Chief Justice at time of expedited conference.

1. Joe's Concrete was purchased by Enercrest, Inc.

[P]urchaser also notes that all collection costs and attorney fees will be charged to this account if forced collection on this account is necessary.

[¶ 5]   In January of 2007, Joe's Concrete filed a complaint against CWC alleging claims for breach of contract, breach of the covenant of good faith and fair dealing in tort and contract, unjust enrichment and conversion.[2]   Joe's Concrete also sought punitive damages and attorney fees.   Prior to trial, the district court dismissed the tort claim for breach of good faith and fair dealing and the punitive damages claim.

[¶ 6]   Trial was convened on May 18, 2009. On May 19, after Joe's Concrete had informed the jury in opening statement that it was seeking attorney fees and submitted proposed jury instructions on the issue of attorney fees, the district court suggested that counsel take a look at the discussion in *Gose v. Hess,* 822 P.2d 846 (Wyo.1991) concerning "attorney's fees and how those are handled."

[¶ 7]   On May 20, Joe's Concrete presented one of its employees to testify concerning its attorney fees.   After some preliminary questioning, CWC asked to approach the bench.   The district court excused the jury and a discussion occurred with counsel that was not transcribed.   The district court then stated on the record:

> We're here without the presence of the jury to take up the testimony or offer of proof, however you wish to do it, [counsel for Joe's Concrete], of [the witness] on the issue of attorneys' fees.   We will proceed however you want.

[¶ 8]   Counsel for Joe's Concrete proceeded to ask the witness generally about the attorney fees charged in the case.   The witness broke the fees into four categories: pre-litigation activities, including demand letters and initial discovery; discovery, including depositions and motions; trial, including motions, trial preparation, the trial itself, travel and expenses; and post-trial fees.   The witness also testified generally that he thought the fees were reasonable.   When counsel in-

dicated she had no more questions, the district court inquired whether she understood the statutory factors it would consider in awarding fees and suggested she and the witness address the factors, "because you only get one shot at this to prove up fees." With the court's encouragement, counsel established through the witness's testimony that in his opinion the hourly fee of $225 to $250 charged to Joe's Concrete was reasonable given the skill exhibited by counsel. The trial continued and the jury found that CWC breached the contract and the covenant of good faith and fair dealing and awarded Joe's Concrete damages of $232,367.25.

[¶ 9]   In June of 2009, in accordance with the district court's directive, the parties submitted proposed findings of fact and conclusions of law on the attorney fees issue.   In addition to summarizing the trial testimony concerning attorney fees, Joe's Concrete attached detailed invoices that were not introduced as exhibits during trial, setting forth actual fees and costs incurred and the actual hours worked.   Joe's Concrete explained that the invoices for certain pretrial activities and the trial itself were not available at the time of trial.   CWC filed an objection to the presentation of evidence of fees after the close of the evidence and conclusion of trial.   Joe's Concrete responded, citing W.R.C.P. 54 and arguing that the rule expressly authorizes a party to submit an attorney fees application and invoices after trial.

[¶ 10]   In August of 2009, the district court issued a decision letter and order on attorney fees.   The district court stated that in addition to the witness testimony presented during the trial, Joe's Concrete submitted "ex parte documents which were not items of evidence admitted at the trial."   The court stated it "does not, and cannot, rely in any way upon these documents" and ruled that the documents were inadmissible.   The court then outlined the testimony presented at trial in support of the attorney fees claim, noted that no billing statements were offered into evidence and concluded that Joe's Concrete

---

**2.**   The complaint also alleged claims against Hartford for bad faith handling of claims and breach of the covenant of good faith in tort and in contract.   The district court dismissed all claims against Hartford.

failed to meet its burden of proving its fees. The decision states:

> The Court was not provided with any itemized billings during the presentation of testimony and evidence … so as to determine "whether the fee charged represents the product of reasonable hours times a reasonable rate." … The testimony of [the witness] revealed that the only billing statements which had been reviewed by him for the period of October 31, 2006, through February 28, 2009, contained "costs, attorneys' fees, third-party fees, electronic research costs, investigator fees, and court reporter fees" in unspecified sums. He did not testify as to the attorneys' fees charged, and the billings were not admitted into evidence.

The district court denied the attorney fees claim in its entirety.

[¶ 11] In October of 2009, the district court entered its judgment. Fourteen days later, Joe's Concrete filed an application for attorney fees and costs pursuant to W.R.C.P. 54. The district court did not rule on the motion. Joe's Concrete timely appealed from the judgment.

## STANDARD OF REVIEW

[¶ 12] We review a district court's denial of attorney fees for abuse of discretion. *Ultra Resources, Inc. v. Hartman,* 2010 WY 36, ¶ 149, 226 P.3d 889, 935 (Wyo. 2010). A court abuses its discretion only when it acts in a manner which exceeds the bounds of reason under the circumstances. *Id.* The burden is placed upon the party who is attacking the district court's ruling to establish an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did. *Id.*

## DISCUSSION

[¶ 13] Joe's Concrete asserts it was entitled to an attorney fees award under the plain terms of the contracts, its Rule 54 motion was timely and the district court erred in not considering the evidence it submitted with its motion. Joe's Concrete further contends the district court improperly disregarded the procedures set forth in Rule

54 and denied it a full and fair opportunity to prove its attorney fees. It asserts it could not have presented the final fees during trial because work was still underway.

[¶ 14] CWC contends the district court properly exercised its discretion in accordance with Rule 54, which allows the court to control the manner in which attorney fees are addressed. CWC asserts the district court made it clear that Joe's Concrete would have only one opportunity to present evidence to prove its claim. Thereafter, CWC contends, the district court properly declined to consider additional evidence attached to pleadings filed after the close of the evidence and conclusion of trial.

[¶ 15] Generally, Wyoming subscribes to the American rule regarding recovery of attorney fees, making each party responsible for its own attorney fees unless an award of fees is permitted by contract or statute. *Garwood v. Garwood,* 2010 WY 91, ¶ 32, 233 P.3d 977, 984 (Wyo.2010). In this case, the jury found the invoices Joe's Concrete presented to CWC with each truckload of concrete constituted contracts and that CWC breached the contracts when it failed to pay the invoice amounts in full. The contracts provided that in the event Joe's Concrete was forced to take action to collect on the accounts, CWC would be charged for the costs and attorney fees incurred in the collection efforts. Joe's Concrete did, in fact, take action to collect on the accounts and a jury awarded it $232,367.25 in damages. In accordance with the terms of the contracts, CWC was obligated to pay costs and attorney fees.

[¶ 16] The issue of attorney fees may be addressed as an element of damages, or it may be addressed through the filing of a post-judgment motion as described in Rule 54. *Garwood,* ¶ 24, 233 P.3d at 983–84. W.R.C.P. 54(d) provides in pertinent part as follows:

> **Rule 54. Judgment; costs.**
>
> . . . .
>
> (d) *Costs; Attorney's Fees.*
>
> . . . .
>
> (2) Attorney's Fees.

(A) When allowed by law, claims for attorney's fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

. . . .

(D) The court may establish special procedures by which issues relating to such fees may be resolved without extensive evidentiary hearings.

[¶ 17] Pursuant to the language in paragraph (A), claims for attorney fees are to be made by motion unless the substantive law governing the action provides for their recovery as an element of damages to be proved at trial. Accordingly, in *Carolina Power & Light Co. v. Dynegy Marketing & Trade,* 415 F.3d 354, 359 (4th Cir.2005), where the parties' contract provided that legal costs were part of the damages available in the event of its breach, the court concluded the attorney fees fell within the substantive claim exception to F.R.C.P. 54 and were to be proven at trial, not by post-trial motion. In contrast, where the contract at issue provides for the recovery of fees by the prevailing party, such fees are not an element of damages to be proved at trial but are collateral to the merits of the case requiring a Rule 54(d)(2) motion. *Capital Asset Research Corp. v. Finnegan,* 216 F.3d 1268, 1270 (11th Cir.2000).

[¶ 18] The contracts at issue in the present case did not provide that attorney fees were an element of damages to be proved at trial nor did they expressly provide that the prevailing party was entitled to fees. The contracts provided only that in the event

Joe's Concrete was forced to take action to collect on the accounts, CWC would be charged for the attorney fees incurred in the collection efforts. However, it is logical to conclude the parties intended that CWC, as the buyer, would only be obligated to pay attorney fees if Joe's Concrete successfully proved CWC actually owed the amounts claimed to be due under the contracts. In essence, these contracts were prevailing party contracts. As contemplated by the contract language, Joe's Concrete was forced to take action to collect amounts due on the accounts. Joe's Concrete filed a breach of contract action in which it prevailed. It was, therefore, entitled to recover its fees. Under these circumstances, we hold that the attorney fees were not an element of damages to be proved at trial but were collateral to the merits of the case.

[¶ 19] The case is reversed and remanded with instructions that Joe's Concrete is contractually entitled to attorney fees. The district court must consider all attorney fees evidence currently contained in the record and determine whether: 1) the fee charged represents the product of reasonable hours times a reasonable rate; and 2) other factors of discretionary application should be considered to adjust the fee either upward or downward. *Grommet v. Newman,* 2009 WY 150, ¶ 63, 220 P.3d 795, 818 (Wyo.2009).