2012 WY 96

**William R. FIX, Appellant (Defendant/Counter–Plaintiff and Third Party Plaintiff),**

v.

**SOUTH WILDERNESS RANCH HOME-OWNERS ASSOCIATION, a Wyoming unincorporated non-profit association, Appellee (Plaintiff/Counter–Defendant),**

and

**Frank Forelle, Appellee (Third Party Defendant/Counter–Defendant).**

No. S–11–0260.

Supreme Court of Wyoming.

July 12, 2012.

Representing Appellant: William R. Fix, William R. Fix, P.C., Jackson, Wyoming.

Representing Appellee South Wilderness Ranch Homeowners Association: Mathew E. Turner of Mullikin, Larson & Swift LLC, Jackson, Wyoming.

Representing Appellee Frank Forelle: No appearance.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1]   The South Wilderness Ranch Homeowners Association (HOA) filed an action against William R. Fix to recover $2,500 in assessments he allegedly owed as a lot owner in the South Wilderness Ranches Subdivision.   The HOA also sought interest and attorney fees. Mr. Fix denied that he owed the assessments and filed a counterclaim seeking a judicial determination that the covenants pursuant to which the assessments were to be paid were null and void. In the alternative, he sought damages for injuries he allegedly sustained when the HOA failed to enforce the covenants and allowed his neighbor to build a fence that violated the covenants.

[¶2]   After summary judgment proceedings, the district court entered an order granting judgment in favor of the HOA on its claim for the assessments, interest and attorney fees.   Subsequently, the court severed Mr. Fix's counterclaim from the rest of the case and entered judgment for the HOA on its complaint in the amount of the $2,500 assessments, plus pre-judgment interest, attorney fees and costs, for a total judgment of $22,077.38.

[¶3]   Mr. Fix appeals, claiming the district court erred in granting summary judgment against him on the HOA's complaint and severing his counterclaim.   He also claims the attorney fees and costs award is excessive.   We affirm the district court's order and judgment with the exception that we vacate the costs awarded for legal research.

## ISSUES

[¶4]   Mr. Fix, appearing *pro se*,[1] presents the issues for this Court's determination as follows:

I.   The [district] court erred in granting summary judgment against the homeowner.

II.   The [district] court awarded attorney fees that are excessive.

III.   The severance ordered by the [district] court *sua sponte* constitutes error.

IV.   The costs awarded by the [district] court are not permitted.

The HOA asserts the district court rulings were proper and seeks leave to submit evidence of its fees, costs and expenses, including attorney fees, incurred in defending this appeal.

## FACTS

[¶5]   Mr. Fix owns Lot 2 in South Wilderness Ranches Subdivision in Teton County, Wyoming.   The HOA is responsible for providing common services in the subdivision and for making and collecting annual assessments from the lot owners.   On September 22, 2009, the HOA filed a complaint in circuit court alleging that Mr. Fix had failed to pay the 2009 annual assessment of $1,000.   The HOA sought payment of the assessment plus interest, costs and attorney fees as provided in the subdivision covenants.

[¶6]   Mr. Fix answered the complaint, admitting that he owned Lot 2 in the subdivision but denying that he owed the 2009 assessment.   He also filed a counterclaim for breach of contract asserting that the HOA breached the covenants by failing to enforce them and seeking a judicial determination that the covenants were null and void.[2]   At a

---

1.   Mr. Fix is an attorney and has been licensed to practice law in Wyoming since 1981.

2.   At a scheduling conference convened after Mr. Fix filed his response to the complaint, a question arose concerning whether the circuit court was the proper forum for the case.   After input from the parties, the circuit court issued an order certifying the case to the district court pursuant to Wyo. Stat. Ann. § 1–21–102 (LexisNexis 2011), which provides as follows:

§ 1–21–102.   **Proceedings when title or boundaries to land in question.**

If it appears from the pleadings or the evidence of either party at the trial of any case in circuit court that the title or boundaries to lands are in question, the judge shall immediately make an entry thereof in the docket, cease all further proceedings, and certify to the district court of the county a transcript of all entries made in the docket relating to the case in the same manner and within the same time as upon appeal.   The case shall then be conducted in the district court as though appealed to the district court for trial de novo, except that no bond as on appeal or payment of costs

in the circuit court is required for the transfer to the district court.

Subsequently, with the consent of the parties and the circuit court, the district court assigned the case to the circuit court that originally had the case pursuant to Wyo. Stat. Ann. § 5–3–112 (LexisNexis 2011), which provides in pertinent part:

§ 5–3–112.   **Assignment to circuit court judge.**

(a) A judge of the district court may assign to a circuit court judge any case or proceeding within the jurisdiction of the district court subject only to the following restrictions:

(i) Rules promulgated by the supreme court;

(ii) Acceptance of the judge to whom the assignment of the case or proceeding is to be made;

(iii) Consent of each plaintiff and each defendant in a civil action wherein the amount in controversy is fifty thousand dollars ($50,000.00) or greater; and

. . . .

(b) The law and rules governing district court and appeals therefrom shall apply to a case or proceeding assigned pursuant to this section.

subsequent pre-trial conference, Mr. Fix stated that he wished to amend his counterclaim to add as a party Frank Forelle, the neighbor who built a fence along one of the boundaries of his property in violation of the covenants. The HOA likewise indicated it intended to amend its complaint to include collection of an additional $1,500 assessment which became due January 1, 2010. The district court ordered the parties to move to amend their pleadings on or before November 15, 2010.

[¶7] Accordingly, on November 15, 2010, the HOA filed a motion for leave to amend its complaint to include collection of the 2010 assessment. The district court granted the motion and the HOA filed its amended complaint on December 30, 2010. Meanwhile, on November 16, 2010, without seeking leave of court, Mr. Fix filed an amended answer, amended counterclaim and third party complaint. In his amended counterclaim and third party complaint, Mr. Fix sought a judgment declaring that the covenants were void and unenforceable or, in the alternative, that the neighbor's fence violated the covenants and he was entitled to damages.

[¶8] The HOA filed a motion to strike the new pleadings on the ground that Mr. Fix did not obtain the court's approval before filing them. The court convened a hearing at which time Mr. Fix asked the court to accept his amended pleadings based upon his recollection that the parties were ordered to amend their pleadings without seeking leave of court. The court accepted Mr. Fix's explanation and denied the motion to strike as to the amended answer and counterclaim. However, the court concluded the neighbor was not a proper third party defendant and granted the motion to strike as to the third party complaint.

In ruling on the various motions and entering judgment in this case, the circuit court acted on behalf of the district court and district court jurisdiction of the case continued despite assignment to the circuit court. Therefore, we treat those rulings as having come from the district court.

3. After Mr. Fix filed his appeal, his severed counterclaim proceeded in the district court against the HOA and Mr. Forelle as counter-defendants. Mr. Fix and Mr. Forelle filed cross motions for

[¶9] The court set the case for trial in May of 2011. In April, the HOA filed a motion for summary judgment. After a hearing, the court entered an order granting judgment for the HOA in the amount of $2,500, the total of the two assessments, plus interest, costs and attorney fees. The court also granted judgment for the HOA on Mr. Fix's counterclaim for breach of the covenants. The court vacated the trial date and set for hearing and sought additional briefing on the issue of whether it should sever Mr. Fix's remaining counterclaim for declaratory relief. Upon considering the parties' briefs and arguments on that issue, the court entered an order severing the remaining counterclaim.

[¶10] Subsequently, in September of 2011, the district court entered judgment on the complaint in the HOA's favor and against Mr. Fix and awarded the HOA the $2,500 assessments, $787.98 in prejudgment interest, $17,439.00 in attorney fees and $1,350.40 in costs, for a total judgment of $22,077.38. Mr. Fix timely appealed.[3]

### STANDARD OF REVIEW

[¶11] In his first issue, Mr. Fix contends the district court erred in granting summary judgment for the HOA on its complaint.

We review a district court's summary judgment rulings *de novo,* using the same materials and following the same standards as the district court. The facts are reviewed from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record.

*Weber v. State,* 2011 WY 127, ¶10, 261 P.3d 225, 227 (Wyo.2011) (citation omitted).

summary judgment. After the parties filed their appellate briefs in this court, the district court convened a hearing on the summary judgment motions and entered an order pursuant to W.R.C.P. 56(d) holding that Mr. Forelle's fence violated the covenants and ordering him to remove it. Mr. Fix filed a motion asking to supplement the appellate record with, and for this Court to take judicial notice of, the district court's order. We granted the motion.

**[¶ 12]** Mr. Fix asserts in his second and fourth issues that the district court's attorney fees and costs awards were excessive. We review such awards for abuse of discretion; the ultimate issue is whether the court could reasonably conclude as it did. *Magin v. Solitude Homeowner's Inc.*, 2011 WY 102, ¶ 40, 255 P.3d 920, 932 (Wyo.2011).

**[¶ 13]** In his third issue, Mr. Fix challenges the district court's order severing his counterclaim from the HOA's claims. W.R.C.P. 42(b) provides that a court may order a separate trial of any claim, including a counterclaim "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." The decision to order separate trials is within the discretion of the district court and will not be disturbed on appeal unless an abuse of discretion is found. *Beavis v. Campbell County Mem. Hosp.*, 2001 WY 32, ¶ 17, 20 P.3d 508, 514 (Wyo.2001).

## DISCUSSION

### 1. Summary Judgment

**[¶ 14]** Mr. Fix contends the district court erred in granting summary judgment for the HOA in the face of his affidavit which he alleges demonstrated the existence of numerous issues of material fact with respect to the affirmative defenses of laches, equitable estoppel, unclean hands, selective enforcement and failure of consideration. In es-

sence, Mr. Fix argues that he was justified in withholding payment of the 2009 and 2010 assessments because the HOA failed to enforce the covenants prohibiting his neighbor from erecting a boundary fence and posting no trespassing signs. He contends his refusal to pay the assessments was warranted because, through its inaction, the HOA interfered with his enjoyment of his home. He asserts the HOA's failure to enforce the covenants constituted a failure of consideration excusing his performance.

**[¶ 15]** In his brief filed with this Court, Mr. Fix cites no authority to support his arguments that he was justified in not paying the assessments other than a citation to 42 Am.Jur. POF 3d *Circumstances Establishing Equitable Defense to Breach of Restrictive Covenant* § 463 (1997) for the proposition that "the defendant in an action for breach of a restrictive covenant may, depending on the circumstances, plead certain equitable defenses to enforcement of the covenant at issue." Mr. Fix makes no reference to the elements necessary to prove the affirmative defenses and presents no argument other than the bald assertion that his affidavit established the elements of the affirmative defenses, the district court ignored those defenses and jury questions existed.[4] Under these circumstances, we decline to consider his first issue. *Knadler v. Adams*, 661 P.2d 1052 (Wyo.1983) ("[The Supreme Court] will not consider issues which are not supported

---

4. Mr. Fix's brief contains the following argument, in its entirety, with respect to each affirmative defense:

   **1. Laches and Equitable Estoppel.**
   The elements of laches and equitable estoppel were sufficiently established in appellant's affidavit. Each of these elements were fairly raised in the homeowner's.
   According to the appellant, all reasonable inferences these factual issues should have been submitted to a jury for its determination.
   **2. Unclean Hands.**
   The doctrine of unclean hands was fairly raised in appellant's affidavit. Richard McDaniel, the president of the HOA, had for years engaged in a campaign of interference with the appellant's quiet and peaceful enjoyment of his home.
   No affidavit from McDaniel was ever submitted. McDaniel was the president for 10 years and was the force behind the decision to do nothing about the fence or signs.

If there ever was a case for application of the unclean hands doctrine, this is the case.
   **3. Selective Enforcement**
   The unlawful structures affected only the appellant's property. McDaniel elected to not enforce a blatant violation of the covenants. No vote of any homeowners was taken. It just left up to the sole discretion of the president to enforce or not to enforce a given covenant.
   The jury should have been able to consider evidence of McDaniel's selective enforcement of the covenants. This is an issue which should have been presented to the trier of fact.
   **4. Failure of Consideration.**
   When the HOA failed to enforce the covenants against Forelle, there was a failure of consideration, thereby excusing the homeowners' performance. The HOA cannot fail to enforce blatant violations of the covenants and still insist upon payment of assessments.
   At a minimum, there existed genuine issues of material fact.

by proper citation of authority and cogent argument.").

### 2. Attorney Fees

[¶ 16] Mr. Fix next contends the district court's attorney fees award is excessive. He asserts the issues before the court were simple and involved very limited written discovery, no depositions and no trial. Despite the simplicity of the case, he points out that the court awarded fees seven times greater than the $2,500 damage award. He maintains the HOA's employment of three attorneys was unreasonable and the hours for which they billed were excessive and unnecessary. He further asserts the district court abused its discretion in making the award without a hearing to determine the reasonableness of the fees claimed, in denying his motion to strike the attorney affidavits and in awarding the fees when the HOA failed to designate an attorney expert.

[¶ 17] Generally, Wyoming subscribes to the American rule regarding recovery of attorney fees, making each party responsible for its own attorney fees unless an award of fees is permitted by contract or statute. *Joe's Concrete and Lumber, Inc. v. Concrete Works of Colorado, Inc.*, 2011 WY 74, ¶ 15, 252 P.3d 445, 448 (Wyo.2011). In the present case, the subdivision covenants expressly provided for the recovery of costs, including reasonable attorney fees, incurred in enforcing them. The HOA was, therefore, entitled to a reasonable attorney fees award. In awarding fees, the district court was required to consider all attorney fees evidence in the record and determine whether: 1) the fee charged represented the product of reasonable hours times a reasonable rate; and 2) other factors warranted adjusting the fee upward or downward. *Id.* at ¶ 19, 252 P.3d at 449.

[¶ 18] In its nearly eleven page discussion of the issue, the district court thoughtfully considered each of the arguments Mr. Fix advances on appeal. It concluded in essence that Mr. Fix turned what would otherwise have been a simple, straightforward case into complicated, drawn-out litigation. Specifically, the court found that the positions Mr. Fix took in his answer, counterclaim and third party complaint, gave the HOA attorneys "no choice but to spend significant time preparing, researching, filing and arguing" their summary judgment motion, which they supported with nine exhibits. The court stated that it "thoroughly reviewed the [HOA's] summary judgment motion, brief and supporting documents in preparing its summary judgment order" and concluded the time spent on the motion as reflected in the itemized schedule of legal services was reasonable and necessary under the circumstances to secure a judgment for the unpaid assessments. Addressing the time the HOA's attorneys spent responding to Mr. Fix's equitable defenses, the court found the issues were "novel and difficult and reasonably required significant time, labor and skill" on the attorneys' part and the time spent successfully refuting Mr. Fix's defenses was reasonable. Likewise, the court concluded the time the attorneys spent researching Mr. Fix's claim that his neighbor was a proper third party defendant was reasonable, as was the time they spent preparing the motion to strike Mr. Fix's amended pleadings. In short, the court concluded the time spent was necessitated largely by Mr. Fix and was reasonable under the circumstances. We find nothing in the record warranting a conclusion that the court could not reasonably have concluded as it did, and we affirm the attorney fees award.

### 3. Severance of Counterclaim

[¶ 19] Mr. Fix next claims the district court erred in severing his counterclaim from the proceedings on the HOA's complaint. He argues that the actions of his neighbor precipitated the litigation; therefore, he properly sought to join the neighbor as a party so that the rights of all parties could be determined in one action. Under the circumstances, he maintains, the court could not reasonably have concluded that severance was appropriate.

[¶ 20] W.R.C.P. 42(b) provides in relevant part:

(b) *Separate trials.*—The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim,

counterclaim or third-party claim, or of any separate issue....

Addressing the rule, we have said that a court may reasonably separate claims when they are not so interwoven that independent trials would cause confusion and uncertainty and result in the denial of a fair trial. *Carlson v. Carlson*, 836 P.2d 297 (Wyo.1992).

[¶ 21]   This case began as a simple collection case with the sole issue being whether Mr. Fix was required and had failed to pay a $1,000 lot assessment. That issue was conducive to resolution separate and apart from whether the HOA or Mr. Forelle violated the covenants; it was not so interwoven with the issues Mr. Fix sought to litigate that an independent proceeding to resolve it caused confusion, uncertainty or the denial of a fair trial.   The district court did not abuse its discretion when it severed the claims.

### 4.   Costs

[¶ 22]   In his final issue, Mr. Fix asserts the district court erred in awarding $1,228.00 in costs for online legal research. He maintains that online legal research is not one of the costs authorized by the rules and awarding them here gave the HOA a double recovery for the same effort because the court also awarded attorney fees for the hours spent doing legal research.

[¶ 23]   The rule in Wyoming has been that legal research is a component of attorney fees and cannot be taxed as an item of costs. *Snyder v. Lovercheck*, 992 P.2d 1079, 1092 (Wyo.1999).   The rationale for the rule is that legal research is a component included in an attorney's hourly rate as overhead; thus, it should not be separately recoverable as a cost.   Some courts, however, have awarded costs for computer aided legal research, finding that such research is "reasonable, if not essential, in contemporary legal practice." *Wehr v. Burroughs Corp.*, 619 F.2d 276, 285 (3d Cir.1980).   The parties' arguments and the district court's ruling in this case do not mention *Snyder*.   Absent

some contention by the parties that this Court should reconsider *Snyder*, we decline to do so in this case.   We vacate the award of $1,228.00 for legal research.

### 5.   Costs on Appeal

[¶ 24]   The HOA asks this Court to award it attorney fees and costs in defending this appeal pursuant to W.R.A.P. 10.05:

**Rule 10.05.   Costs and penalties on affirmance.**

If the judgment or appealable order is affirmed in a civil case, appellee shall recover the cost for publication of the brief with the cost to be computed at the rate allowed by law for making the transcript of the evidence.   If the court certifies there was no reasonable cause for the appeal, a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case.   The amount for attorneys' fees shall not be less than one hundred dollars ($100.00) nor more than five thousand dollars ($5,000.00).   The amount for damages to the appellee shall not exceed two thousand dollars ($2,000.00).

We are reluctant to grant sanctions and will do so only in rare circumstances. *Grynberg v. L & R Exploration Venture*, 2011 WY 134, ¶ 30, 261 P.3d 731, 739 (Wyo.2011).   Given that we have vacated the award of costs for legal research, we are not willing to certify that there was no reasonable cause for this appeal.   We decline the HOA's invitation to award it attorney fees and costs.

[¶ 25]   We affirm the district court's order and judgment with the exception that we vacate the costs awarded for legal research.