453 So.2d 938 (1984)
Milton G. FRIEDMAN, Appellant,
v.
Paul L. BACKMAN, Barry F. Franklin, and K.G.L. Contracting Services, Inc., Appellees.
No. 83-1996.
District Court of Appeal of Florida, Fourth District.
August 15, 1984.
Robert L. Gossett of Hodges, Gossett, McDonald, Gossett & Crawford, P.A., Hollywood, for appellant.
Nicolas A. Manzini of Young, Stern & Tannebaum, P.A., North Miami Beach, for appellee-Barry S. Franklin.
DOWNEY, Judge.
Appellant Milton G. Friedman sued appellees in replevin to gain possession of certain files held by Blackman and Franklin. Friedman claimed right of possession based upon an accounts receivable factoring agreement with appellee K.G.L. Contracting Services, Inc. Friedman contended that Blackman and Franklin had possession of the files as attorneys for K.G.L.
After some preliminary skirmishing, wherein it appeared the files were not in the possession of Blackman and Franklin, appellant filed a voluntary dismissal.
Franklin's motion for allowance of attorney's fees pursuant to Section 57.105, Florida Statutes (1981), was granted and the court awarded Franklin $2500 in fees for services performed by counsel Franklin hired and for legal services performed by Franklin himself. We have no difficulty in holding that, in a frivolous suit against a lawyer, he is entitled to attorney's fees for his time and effort under Section 57.105, just as he is for services rendered by counsel he employs to represent him. This seems to be the weight of authority in this country, see Quick & Reilly, Inc. v. Perlin, 411 So.2d 978 (Fla. 3d DCA 1982), and it seems logical because, as the saying goes, "a lawyer's time and advice are his stock in trade." There is sufficient evidence in the record to support the attorney's fee awarded.
This appellate review is somewhat hampered by an inadequate record. As to some aspects of the proceedings, the court could not remember sufficiently to reconstruct the record. However, even with the record in that state, it appears there is adequate support in the pleadings and affidavits to affirm the judgment appealed from both as to the frivolous nature of the suit and the amount of attorney's fees awarded.
Accordingly, the judgment appealed from is affirmed.
GLICKSTEIN and DELL, JJ., concur.