COBB, Judge.
The question of first impression present ed by this appeal is whether an attorney representing himself as the plaintiff in a mortgage foreclosure action is entitled to an award of attorney’s fees pursuant to the provisions in the note and mortgage.[1] The lower court determined that such an award was improper. We reverse.
Two Florida courts have previously ruled on the issue of an entitlement to a fee for self-representation based on statutory provisions. In Quick & Reilly, Inc. v. Perlin, 411 So.2d 978 (Fla. 3d DCA 1982), the plaintiff, an attorney who represented himself, sought attorney’s fees based on section 517.211, Florida Statutes (1979), which provided for attorney’s fees to the prevailing party in securities violation cases. The defendant objected to the fee on the basis that the plaintiff was representing himself and did not employ outside counsel. Finding no valid reason to deny an attorney’s fee for one acting as his own counsel, the Third District opted to follow the view of what it termed a “narrow majority” of jurisdictions in the country which allow for the award. See generally Annotation, Right of Party Who is Attorney and Ap *1140 pears For Himself To Award Of Attorney’s Fees Against Opposing Party As Element of Costs, 78 A.L.R.3d 1119 (1977).
Similarly, in Friedman v. Backman, 453 So.2d 938 (Fla. 4th DCA 1984), the plaintiff/attorney filed a motion for attorney’s fees pursuant to section 57.105, Florida Statutes (1981). The court, following Quick & Reilly, held that under that provision, an attorney is entitled to fees for the time he expends, just as if he had employed outside counsel. The court noted the weight of authority in the country and stated: “[A]nd it seems logical because, as the saying goes, ‘a lawyer’s time and advice are his stock in trade.’ ” 453 So.2d at 938. See also Wright v. Aciemo, 437 So.2d 242 (Fla. 5th DCA 1983).
While Quick & Reilly and Friedman deal with recovery under a statute, the rationale and policy reasons for such an award remain the same when the award is based on a contract provision calling for attorney’s fees.
The Oklahoma Supreme Court in Weaver v. Laub, 574 P.2d 609 (Okla.1977), discussed these policy reasons, noting two reasons for denying fees: (1) it should be against the policy of the law to allow one to become his own client and charge for his professional services, and (2) attorneys may be tempted to raise questions and protract a suit only for the sake of their professional profit. 574 P.2d at 612. The court also noted the following policy reasons for allowing fees: (1) attorneys who represent themselves expend the same professional time, knowledge and experience as they would have if hired by another party; (2) the services rendered by attorneys who represent themselves are presumably as valuable as the same services would have been in the defense or prosecution of another’s suit; (3) attorneys are paid for their time and services and if they render them in their own case, it may cause as much loss or damage to them as if they had paid an attorney to represent them; and (4) it makes no difference to a party who by law is bound to pay costs, including attorney’s fees, whether the fees are to be paid to an attorney representing himself or to another attorney employed by him. 574 P.2d at 612-13.
We agree with the majority view and hold that attorney fees should be awarded to an attorney representing himself in a case where the fees would be recoverable by the same party if represented by independent counsel. Accordingly, the order entered below is
REVERSED.
ORFINGER, J., and LEE, R.E., Jr., Associate Judge, concur.

. The mortgage and note provide respectively, as follows:
3. To pay all and singular the costs, charges and expenses, including lawyer’s fees, reasonably incurred or paid at any time by said Mortgagee because of the failure on the part of the said Mortgagor to perform, comply with and abide by each and every the stipulations, agreements, conditions and covenants of said promissory note and this deed, or either, and every such payment shall bear interest from date at the rate of TEN (10%) per cent, per annum.

******

The makers and endorsers of this Note further agree to waive demand, notice of nonpayment and protest, and in the event suit shall be brought for the collection hereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorney's fees for making such collection, including fees for any appeal....