Jeanne ROUSH, Plaintiff—Appellee,

v.

Bobby BEROSINI, Sr.; Bobby Berosini, Jr.; Joan Berosini; Bobby Berosini, Ltd., Defendants—Appellants,

and

Bonnie Ann Den Dooven, Defendant.

No. 02–15707.

D.C. No. CV–98–00482–PMP(LRL).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 2003.

Decided June 2, 2003.

Before HAWKINS and W. FLETCHER, Circuit Judges, and KING,* Senior District Judge.

MEMORANDUM**

The Berosinis appeal from a district court award of over $250,000 in attorneys' fees as a sanction for discovery abuses. We determine that some award of fees is justified under Rule 37, but remand to permit the Berosinis to review the attorneys' actual billing records.

The failure of the magistrate judge to specify a subsection of Rule 37 is of no moment as the award is sustainable under both Rule 37(a)(4) and (b)(2). *See Hyde & Drath v. Baker,* 24 F.3d 1162, 1170 (9th Cir.1994). The award encompasses all the fees "expended to trace and pursue the Cataluna investments." Fees and costs expended on preparing the four motions to compel discovery, which were all granted by the court, is supported by Rule 37(a)(4)(A), which permits an award of "the reasonable expenses incurred in making

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the motion [to compel], including attorney's fees."

Rule 37(b)(2) supports the remainder of the award, as it authorizes the court to award "the reasonable expenses, including attorney's fees, caused by the failure" to comply with court-ordered discovery. The findings that the Berosinis continued to be "dilatory and recalcitrant" in the face of numerous orders compelling discovery, and that Roush had to incur sizeable fees "as a result," clearly support the award.

■ We also reject the argument that the court could not award fees under Rule 37(a) because Roush was not legally obligated to pay her attorneys. The fees were "incurred" by the attorneys whether Roush or her former employer would be required to pay them. *Cf. Gotro v. R & B Realty Group,* 69 F.3d 1485, 1487–88 (9th Cir.1995) (statute permitting recovery of "actual expenses ... incurred" does not preclude recovery by contingency fee litigant not otherwise obligated to pay).

■ However, we do find that it was error to award fees without permitting the Berosinis and their counsel to review the actual billing statements. Although the magistrate believed that the affidavit was sufficiently detailed to permit review, it is obvious that it was not, in that the reductions identified by the magistrate could not have been discovered without the billing statements themselves, thus distinguishing this case from *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 946 (9th Cir.1993).[1]

Significantly, Roush never sought to completely prevent the Berosinis or their counsel from reviewing the bills. In fact, Roush sought a protective order which would have permitted defense counsel to hold a copy of Roush's bills and review

them with their client. The magistrate judge denied this order as moot, even though the Berosinis had specifically complained that they could not properly object to the fee request without viewing the itemized bills.

Judicial examination of fee requests is enhanced by the adversarial examination of facts. That did not occur here. We therefore vacate the award and remand with instructions that the court provide the Berosinis an opportunity to review the itemized billing statements and a renewed opportunity to object to the requested fees, subject to whatever protective order the district court imposes in its discretion.

VACATED AND REMANDED.

---

1. In *Henry,* the court and parties had identical affidavit information and no contemporaneous bills to review. We also note that because of the scant documentation, the court in *Henry* awarded only a third of the requested fees. *Id.*