# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 79

APRIL TERM, A.D. 2014

June 18, 2014

WILLIAM R. FIX,

Appellant
(Counter-Plaintiff),

v.

S-13-0202

FRANK FORELLE,

Appellee
(Counter-Defendant).

*Appeal from the District Court of Teton County*
*The Honorable James L. Radda, Judge*

*Representing Appellant:*
    William R. Fix, *pro se*.

*Representing Appellee:*
    Anna M. Reeves Olson and Weston W. Reeves of Park Street Law Office, Casper, Wyoming.

*Before KITE, C.J., and HILL, BURKE, DAVIS, and FOX, JJ.*

NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Justice.**

[¶1]    This appeal arises out of a controversy between neighbors William Fix, Appellant, and Frank Forelle, Appellee, concerning the construction of a fence along the border of their adjoining properties.  After prevailing on his claim in the district court, Mr. Fix, an attorney who represented himself in the matter, claimed that he was entitled to attorney fees according to the terms of the covenants at issue.  The district court disagreed and Mr. Fix appealed.  We find that because Mr. Fix did not incur any fees, he is not entitled to an award of fees.  We therefore affirm.

*ISSUE*

[¶2]    The issue presented by Mr. Fix is whether the district court erred in failing to award him attorney fees.

*FACTS*

[¶3]    The parties in this case are neighbors in the South Wilderness Ranches Subdivision in Teton County, Wyoming.  In 2008, Mr. Forelle built a fence on his property along the boundary between his property and Mr. Fix's property.  Mr. Fix complained to the Homeowners' Association (HOA) that the fence violated the subdivision's covenants, but the HOA failed to enforce the covenants.  In response, Mr. Fix refused to pay his HOA assessments. The HOA then filed suit, seeking to recover payment for the delinquent assessments.  Mr. Fix, an attorney who appeared *pro se*, filed a counterclaim seeking a determination that the fence violated the covenants.[1]

[¶4]    The district court severed Mr. Fix's counterclaims against the HOA and Mr. Forelle and considered the HOA's claims against Mr. Fix.  It entered judgment against Mr. Fix and in favor of the HOA, awarding the HOA payments due.  The district court also awarded prejudgment interest, costs, and attorney fees to the HOA, relying upon language in the covenants stating, "[a]ny Lot Owner who uses or allows his or her Lot to be used or developed in violation of these Covenants further agrees to pay all costs incurred by the Design Committee or other Lot Owner in enforcing these Covenants, including reasonable attorney's fees."  Mr. Fix appealed and that portion of the case was affirmed in *Fix v. South Wilderness Ranch Homeowners Ass'n*, 2012 WY 96, 280 P.3d 527 (Wyo. 2012).

[¶5]    The district court addressed the remaining claims, including Mr. Fix's counterclaims, and granted summary judgment in favor of Mr. Fix on his claim that the

---

[1] The circuit court certified the case to the district court after concluding it no longer had jurisdiction over the matter.  The district court then assigned circuit court Judge Radda to the case.

1

fence violated the covenants prohibiting the construction of boundary fences. The district court conducted a jury trial on the remaining issues, including Mr. Fix's claim for damages with respect to the construction of the fence and Mr. Forelle's claim for trespass. The jury awarded $400 to Mr. Forelle on the trespass claim and $500 to Mr. Fix on the fence claim.

[¶6]    Subsequently, again relying upon the covenant provision regarding reimbursement for costs incurred in enforcing the covenants, the district court awarded Mr. Fix attorney fees in the amount of $19,158.75, which included $18,958.75 for Mr. Fix's time and $200 attributable to another attorney hired by Mr. Fix to assist with the summary judgment motion. Mr. Forelle then filed a motion to alter or amend the judgment, pursuant to W.R.C.P. 59(a)(3), (6) and (8) and W.R.C.P. 60(b)(1) and (6), claiming that he had never received Mr. Fix's attorney fee affidavit, and arguing that, as an attorney representing himself *pro se*, Mr. Fix was not entitled to attorney fees, and his fees were unreasonable. The district court held a hearing on the issue, granted the motion, and entered an amended judgment. In the amended judgment, the district court concluded that Mr. Fix could not recover fees for the legal work he performed because he "appeared *pro se* and did not actually incur any fees." Mr. Fix's appeal of that decision is now before this Court.[2]

## STANDARD OF REVIEW

[¶7]    The question of whether Mr. Fix is entitled to attorney fees is a question of law, reviewed by this Court *de novo*. Whether a contract is ambiguous is a question of law for the reviewing court. *Prudential Preferred Properties v. J and J Ventures, Inc.*, 859 P.2d 1267, 1271 (Wyo. 1993). We review questions of law *de novo* without affording deference to the decision of the district court. *Carlson v. Flocchini Invs.*, 2005 WY 19, ¶ 9, 106 P.3d 847, 852 (Wyo. 2005); *Hermreck v. UPS*, 938 P.2d 863, 866 (Wyo. 1997); *Griess v. Office of the Attorney Gen., Div. of Criminal Investigation*, 932 P.2d 734, 736 (Wyo. 1997).

## DISCUSSION

[¶8]    Generally, prevailing parties are not entitled to the recovery of attorney fees absent statutory or contractual authorization for the award of such fees. *Y-O Invs., Inc. v. Emken*, 2006 WY 112, ¶ 8, 142 P.3d 1127, 1130 (Wyo. 2006) ("[W]e subscribe to the American rule, under which a prevailing party may be reimbursed for its attorney fees when express statutory or contractual authorization exists for such an award.") (citing *Alexander v. Meduna*, 2002 WY 83, ¶ 49, 47 P.3d 206, 220-21 (Wyo. 2002)); *Wagon Wheel Village, Inc. v. Harris*, 993 P.2d 323, 326 (Wyo. 1999).

---

[2] The portion of the decision awarding $200 in fees to the attorney hired by Mr. Fix is not at issue here. In addition, Mr. Forelle filed a cross-appeal which he has subsequently withdrawn.

[¶9] Here, the authority for the recovery of attorney fees is found in the subdivision covenants, which provide:

> 8. **Violations – Enforcements – Costs.** The restrictions, limitations and requirements for land use and development set forth in these Covenants shall be enforceable by the Design Committee or any Owner of a Lot within the Property. . . . Any Lot Owner who uses or allows his or her Lot to be used or developed in violation of these Covenants further agrees to pay all costs incurred by the Design Committee or other Lot Owner in enforcing these Covenants, including reasonable attorney's fees.

[¶10] Mr. Fix takes the position that this provision entitles him to recover fees for the time he spent as a *pro se* attorney successfully enforcing the covenants. Mr. Forelle, on the other hand, argues that *pro se* litigants are not entitled to recover attorney fees and that there should be no exception made for attorneys when they act to represent themselves.

[¶11] This Court has considered the question of whether a *pro se* litigant can recover attorney fees in the case of *State ex rel. Scholl v. Anselmi*, 640 P.2d 746 (Wyo. 1982). There, the appellant had appeared *pro se* throughout the case and sought to recover attorney fees pursuant to 42 U.S.C.A. § 1988, which provides that in certain civil rights contexts, the courts may provide attorney fees to the prevailing party. The purpose of the § 1988 attorney fee provision "is to encourage those who otherwise could not afford legal counsel to hire professional assistance, rather than forego their 'day in court.'" *Scholl*, 640 P.2d at 750. In *Scholl*, the appellant, who was not an attorney, decided to act on his own rather than hire an attorney. As a result, we concluded that he was merely seeking recovery for the time he spent on the case, not for time spent by an attorney or legal fees that he had incurred, and was not entitled to recover under the attorney fee provision of § 1988. *Id*. at 751.

[¶12] Here, however, the *pro se* litigant is an attorney who devoted his own time, training, and resources to represent himself. There is no doubt that an attorney who represents himself has provided a service with a marketable value. The question of whether that attorney is entitled to attorney fees to the same extent as a lay person employing independent counsel is one of first impression for this Court.

[¶13] Other courts examining the question have split. C. Clifford Allen, III, Annotation, *Right of Party Who is Attorney and Appears for Himself to Award of Attorney's Fees Against Opposing Party as Element of* Costs, 78 A.L.R.3d 1119 (1977). Some courts

3

that have concluded that a *pro se* attorney may not recover attorney fees rely upon the notion that a *pro se* attorney does not become liable for fees charged by an attorney and, as a result, ought not be entitled to fees. *See Calhoun v. Calhoun*, 529 S.E.2d 14, 17 (S.C. 2000) (An attorney who appears on his or her behalf does not owe another person money for legal services rendered.); *Lisa v. Strom*, 904 P.2d 1239, 1243 (Ariz. Ct. App. 1995) (Attorney fee award requires "a genuine financial obligation on the part of the litigants to pay such fees."). Other courts that have concluded *pro se* attorneys may not recover fees rest their decision on the concern that allowing an attorney to recover his own fees would result in protracted litigation for the attorney's financial gain. *See Connor v. Cal-Az Props., Inc.*, 668 P.2d 896, 899 (Ariz. Ct. App. 1983); *Crooker v. United States Dep't of Justice*, 632 F.2d 916, 920-21 (1st Cir. 1980). Still others have reasoned that attorney fees are not available to *pro se* attorneys because by not hiring independent counsel they do not have a "detached and objective perspective." *See Swanson & Setzke, Chtd. v. Henning*, 774 P.2d 909, 912 (Idaho Ct. App. 1989) (citing *Falcone v. Internal Revenue Serv.*, 714 F.2d 646, 647 (6th Cir. 1983); *White v. Arlen Realty & Dev. Corp.*, 614 F.2d 387 (4th Cir. 1980), *cert. denied*, 447 U.S. 923, 100 S.Ct. 3016, 65 L.Ed.2d 1116 (1980)).

[¶14] On the other hand, courts allowing *pro se* attorneys to recover legal fees base their decisions on the rationale that although an attorney representing himself may not have any cash outlay as he would if he had hired independent counsel, "he still incurs continuing overhead costs and further pecuniary loss when his attention is diverted from matters from which he could be earning compensation." *Zick v. Krob*, 872 P.2d 1290, 1296 (Colo. App. 1993); *see also Friedman v. Backman*, 453 So.2d 938, 938 (Fla. Dist. Ct. App. 1984). Courts allowing recovery have also looked to the impact on the party required to pay the fees. They reason that it makes no difference to the party paying the fees whether the attorney is the prevailing party or an independent attorney hired by the party.

> It can make no difference to the defeated party, who is bound to pay the costs of the attorney of the prevailing party . . . whether that attorney is the prevailing party himself or another attorney employed by him. He, like any other professional . . . is paid for his time and services, and if he renders them in the management and trial of his own cause it may amount to as much pecuniary loss or damage to him as if he paid another attorney for doing it.

*Winer v. Jonal Corp.*, 545 P.2d 1094, 1096-97 (Mont. 1976) (citation omitted). Finally, they have noted that the *pro se* attorney is governed by professional rules of ethics requiring them to document their fees and requiring fees to be reasonable, thus eliminating concerns about overbilling to line their own pockets. *Zick*, 872 P.2d at 1296.

4

[¶15] We will not answer the question of whether a *pro se* attorney can recover legal fees in general at this time. Even assuming a *pro se* attorney in Wyoming might generally be entitled to recover legal fees where provided by statute or contract, we must look to the language of the statute or contract to determine whether fees are recoverable in any given case. Here, because Mr. Fix did not "incur" any legal fees, he cannot recover.

[¶16] The covenants provide that any lot owner who violates the covenants "agrees to pay **all costs incurred** by the Design Committee or other Lot Owner in enforcing these Covenants, **including reasonable attorney's fees**." (Emphasis added.) Our standards for interpretation of language contained in restrictive covenants are well established:

> Restrictive covenants are contractual in nature and are interpreted in accordance with principles of contract law. *Omohundro v. Sullivan*, 2009 WY 38, ¶ 9, 202 P.3d 1077, 1081 (Wyo. 2009); *Goglio v. Star Valley Ranch Ass'n*, 2002 WY 94, ¶ 18, 48 P.3d 1072, 1079 (Wyo. 2002). The court's goal is to determine and effectuate the intention of the parties, especially the grantor or declarant. *Stevens v. Elk Run Homeowners' Ass'n, Inc.*, 2004 WY 63, ¶ 13, 90 P.3d 1162, 1166 (Wyo. 2004). Our analysis starts with a determination of whether the contractual language is clear or ambiguous. *Asherman v. Asherman*, 2009 WY 141, ¶ 8, 221 P.3d 302, 304 (Wyo. 2009). We give the words their plain and ordinary meaning, *Omohundro*, ¶ 9, 202 P.3d at 1081, and consider the whole document, rather than just one clause or paragraph. *Stevens*, ¶ 13, 90 P.3d at 1166. "An ambiguous contract 'is an agreement which is obscure in its meaning, because of indefiniteness of expression, or because a double meaning is present.'" *Brockway v. Brockway*, 921 P.2d 1104, 1106 (Wyo. 1996), quoting *Amoco Prod. Co. v. Stauffer Chem. Co.*, 612 P.2d 463, 465 (Wyo. 1980). If the contractual language is clear, the court interprets it as a matter of law and summary judgment is appropriate. If contract language is ambiguous, a question of fact is presented and summary judgment typically is not warranted. *See, Wadi Petroleum, Inc. v. Ultra Resources, Inc.*, 2003 WY 41, ¶ 10, 65 P.3d 703, 707 (Wyo. 2003); *Amoco Prod. Co. v. EM Nominee Partnership Co.*, 2 P.3d 534, 539-40 (Wyo. 2000).

*Fayard v. Design Comm. of Homestead Subdivision*, 2010 WY 51, ¶ 12, 230 P.3d 299, 303 (Wyo. 2010).

[¶17] Thus, we must examine the contract language to determine whether the fees at issue here are recoverable. In particular, we look to the meaning of the term "incurred" to determine whether Mr. Fix is entitled to recover attorney fees for the work he performed. The term "incur" is defined as "[t]o become liable or subject to." Webster's II New College Dictionary 576 (3d ed. 2005); Webster's Third New International Dictionary, 1146 (2002) (defining "incur" as "1 : to meet or fall in with . . . become liable or subject to . . . bring down upon oneself . . . 2 : to render liable or subject to"). This term is not susceptible to more than one meaning and, therefore, it is not ambiguous. *See Whitney Holding Corp. v. Terry*, 2012 WY 21, ¶ 14, 270 P.3d 662, 666 (Wyo. 2012).

[¶18] Because Mr. Fix was never liable for or subject to his own attorney fees, he did not incur any fees. As a result, according to the plain language of the covenants, he is not entitled to recover attorney fees for the work he performed in the litigation.

[¶19] We therefore affirm the district court's Amended Judgment.