2015 WY 61

Brian WINDHAM, Appellant (Plaintiff),

v.

Brandi Lee WINDHAM, Appellee . (Defendant).

No. S–14–0185.

Supreme Court of Wyoming.

April 28, 2015.

---

* Justice Hill took no part in the consideration of this matter. Judge Timothy C. Day participated by assignment.

Representing Appellant: Christopher J. King of Worrall & Greear, P.C., Worland, Wyoming.

Representing Appellee: Rennie Polidora, Wyoming Coalition Against Domestic Violence and Sexual Assault, Laramie, Wyoming.

Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.

FOX, Justice.

[¶ 1] In this custody, visitation, and child support modification action, the district court granted Brian Windham sole custody, modified the visitation schedule, and required Brandi Windham to pay child support for the parties' three minor children, in an amount less than the statutory presumptive amount. The district court awarded expenses, pursu-

ant to W.R.C.P. 37(a)(4)(A), incurred by Ms. Windham's *pro bono* attorney in her pursuit of discovery responses. The district court denied Mr. Windham's W.R.C.P. 11 motion for sanctions against Ms. Windham for seeking attorney's fees and expenses for the discovery violations. Mr. Windham appeals the court's child support deviation, denial of his Rule 11 motion, and award of expenses to Ms. Windham's attorney. We affirm.

## ISSUES

[¶ 2]   1.   Did the district court abuse its discretion when it deviated from Ms. Windham's presumptive child support obligation?

2.   Did the district court err as a matter of law when it authorized the award of expenses under W.R.C.P. 37 that were not incurred by Ms. Windham?

3.   Did the district court abuse its discretion when it denied Mr. Windham's Rule 11 motion for sanctions?

## FACTS

[¶ 3]   The parties were divorced in April 2012, in Big Horn County, Wyoming. The original divorce decree provided for joint legal and physical custody of the parties' three minor children. In February 2013, Mr. Windham filed a *Petition to Modify Custody, Visitation and Support*.

[¶ 4]   Ms. Windham, whose attorney represented her *pro bono*,[1] was unsuccessful in her attempts to obtain discovery responses from Mr. Windham, and therefore filed a *Motion to Compel Responses to Combined Discovery Requests*. The district court ordered Mr. Windham to respond to the discovery requests and conditionally granted Ms. Windham's request for attorney's fees incurred in pursuing the motion to compel, explaining:

> [T]he Court will want some authority ... to grant legal fees in light of the fact that your client has not incurred that expense.... So at this point I am going to request that your fees and costs be re-

1.   Her attorney was employed by the Wyoming Coalition Against Domestic Violence and Sexual Assault, a nonprofit corporation which provides legal services to victims of domestic violence and sexual assault.

duced to appropriate affidavits with the necessary affidavits on the reasonableness of fees, but I want some legal authority for me to do it when your client hasn't had to pay for it.

. . . .

And then if necessary we'll hold a telephonic hearing to determine the issue of legal fees.

[¶ 5] Ms. Windham submitted her *Argument in Support of Awarding Attorney's Fees to Nonprofit Civil Legal Services Providers*, with attached *Affidavit of Attorney's Fees*. The affidavit stated in pertinent part:

2. As a nonprofit I do not charge an hourly rate for legal services. I am allowed to receive attorney's fees in qualified actions, such as this Motion to Compel. Any fees which may be awarded are placed in a separate litigation account. . . .

3. The rate that is used to calculate fees for the type of services provided in this case is $100.00 per hour, which is reasonable and prevailing for such legal services in Wyoming.

. . . .

4. The fee for professional services requested in this case is $1200.00, which includes eleven (11) hours of travel and one (1) hour of court time.

5. Because the WCADVSA is based in Laramie, I stayed one (1) night at a hotel which is customary for our staff attorneys. The rate charged by the hotel was $107.91.

6. I rented a car to travel roundtrip between Laramie and Basin. This is also customary for our staff attorneys because it costs less to rent a car rather than be reimbursed at the federal rate of .565 cents/mile. The cost of the rental car for two (2) days was $204.33.

7. The cost of gas for the trip was $129.67.

8. The full amount requested is $1641.91, which includes my time and expenses directly related to this action.

Mr. Windham responded, arguing that pursuant to Rule 37(a)(4)(A), a party may only recover attorney's fees "incurred" in making its motion to compel discovery, and because Ms. Windham did not incur any fees, an award to her *pro bono* attorney was impermissible.

[¶ 6] Ms. Windham requested a hearing on the issue of attorney's fees. Mr. Windham notified Ms. Windham, pursuant to W.R.C.P. 11, that a motion for sanctions would be forthcoming if she persisted with her request for a hearing on the issue. Ms. Windham did not withdraw her request, and Mr. Windham filed *Plaintiff's Motion for Rule 11 Sanctions*, arguing that "Rule 37 of the Wyoming Rules of Civil Procedure does not support the Defendant's argument for attorney's fees and is misapplied in the argument brief presented by the Defendant." Mr. Windham argued that Ms. Windham did not incur any attorney's fees, and her request for a hearing on the issue was a violation of Rule 11(b)(1), (2), and (3).

[¶ 7] The district court did not set a separate hearing on the fee issue, instead addressing it as a preliminary matter at the March 2014 modification hearing, explaining:

Originally the Court had decided to award attorney's fees; however, after having the arguments presented concerning whether or not attorney's fees can be awarded when a non-profit legal services office is providing services free of charge to a client, the Court has determined that under current rule and statutory authority there's no authority for us to grant the attorney's fees to reimburse or to enhance the financial well-being of the non-profit organization, and there's no basis to award the attorney's fees if they have not actually been incurred. . . . So as a result[,] the Court will decline to make an award for attorney's fees. That's an issue that is yet to be decided probably by the Supreme Court directly, and there certainly is not statutory authority at the present time. That's something maybe the non-profit organizations may want to take up with the Legislature and see if they can't get some legislation to allow for that.

The district court also denied Mr. Windham's Rule 11 request for sanctions, stating: "It is an issue that has not come before this Court before, so I would not grant the Rule 11 sanctions[.]"

[¶ 8] The district court issued its Decision Letter, finding Mr. Windham showed a material change in circumstances and concluding it was in the best interests of the minor children that sole legal and physical custody be granted to Mr. Windham.

[¶ 9] The district court ordered Ms. Windham to pay child support in the amount of $494.25 per month. This figure was arrived at using the presumptive child support calculations in Wyo. Stat. Ann. § 20–2–304 (LexisNexis 2013), then deviating downward from the presumptive amount of $650.32 by 24%. The court explained:

> Defendant is also supporting [another minor child] in addition to the parties' three children and to be consistent with the deviations made for supporting other children this Court will deviate and reduce the child support owed by Defendant each month by 24% which is the amount generally utilized by the Basin Authority Agency and this Court in the four county area of Park, Big Horn, Washakie and Hot Springs.

[¶ 10] The district court declined to award attorney's fees to Ms. Windham because she incurred no fees addressing Mr. Windham's discovery violation; however it did award expenses incurred by Ms. Windham's attorney for travel and lodging necessary to attend the hearing on the motion to compel discovery.

[¶ 11] Mr. Windham timely appealed the child support determination, the award of Rule 37 expenses, and the district court's denial of his Rule 11 motion.

### STANDARD OF REVIEW

[¶ 12] We review a district court's order modifying child support, including deviations from presumptive child support, for abuse of discretion. *Egan v. Egan*, 2010 WY 164, ¶ 7, 244 P.3d 1045, 1048 (Wyo.2010). We also apply an abuse of discretion standard to the imposition of sanctions under W.R.C.P. 11. *Meyer v. Mulligan*, 889 P.2d 509, 517 (Wyo.1995). We apply a *de novo* standard of review to the question whether the district court correctly interpreted W.R.C.P. 37.

*Harmon v. Star Valley Medical Center*, 2014 WY 90, ¶ 17, 331 P.3d 1174, 1178 (Wyo.2014).

### DISCUSSION

**I. Did the district court abuse its discretion when it deviated from Ms. Windham's presumptive child support obligation?**

[¶ 13] "The Wyoming legislature has established a comprehensive method for determining child support." *Keck v. Jordan*, 2008 WY 38, ¶ 9, 180 P.3d 889, 892 (Wyo. 2008). Presumptive child support is determined based upon the parents' net incomes, Wyo. Stat. Ann. § 20–2–304(a); however, the district court has discretion to deviate from the presumptive amount on "a case by case basis." *Keck*, 2008 WY 38, ¶ 10, 180 P.3d at 892 (quoting *Plymale v. Donnelly*, 2007 WY 77, ¶ 37, 157 P.3d 933, 941 (Wyo.2007)). The statute provides:

> A court may deviate from the presumptive child support established by W.S. 20–2–304 upon a specific finding that the application of the presumptive child support would be unjust or inappropriate in that particular case. In any case where the court has deviated from the presumptive child support, the reasons therefor shall be specifically set forth fully in the order or decree. In determining whether to deviate from the presumptive child support established by W.S. 20–2–304, the court shall consider the following factors:
>
> . . . .
>
> (iv) The responsibility of either parent for the support of other children, whether court ordered or otherwise[.]

Wyo. Stat. Ann. § 20–2–307(b) (LexisNexis 2014). If a court finds that a deviation is warranted, it must set forth detailed findings to support the deviation. *Keck*, 2008 WY 38, ¶ 10, 180 P.3d at 892 (citing *Plymale*, 2007 WY 77, ¶ 37, 157 P.3d at 941); *Shelhamer v. Shelhamer*, 2006 WY 83, ¶ 22, 138 P.3d 665, 675 (Wyo.2006).

[¶ 14] In its Decision Letter, the district court expressly stated the reason for the deviation was Ms. Windham's support for another minor child in addition to the three children at issue. It further stated that the

24% deviation "is the amount generally utilized by the Basin Authority Agency and this Court in the four county area of Park, Big Horn, Washakie and Hot Springs."[2]

[¶ 15] While evidence was presented at the modification hearing that Mr. Windham also has an additional child to support, the considerable discretion given to the district court when making child support determinations requires only that it act reasonably, and make its determination without doing so arbitrarily or capriciously. When the district court deviates from the presumptive child support under Wyo. Stat. Ann. § 20-2-307(b), it must consider specific factors, and provide findings pertinent to those factors. "While another judge or even this Court may have weighed those factors differently and reached a different figure for child support in this case, we cannot conclude from the record that the trial court could not reasonably have concluded as it did." *Ready v. Ready*, 2003 WY 121, ¶ 19, 76 P.3d 836, 841 (Wyo.2003). Because it was within the district court's discretion to deviate from its presumptive child support determinations, it did so on the basis of one of the statutorily defined factors in § 20-2-307(b), and it made a specific finding relevant to that factor in its Decision Letter, we find no abuse of discretion.

## II. Did the district court err as a matter of law when it authorized the award of expenses under W.R.C.P. 37 that were not incurred by Ms. Windham?[3]

[¶ 16] "A district court is generally afforded broad discretion, both in the mechanisms adopted to control discovery and in its selection of appropriate sanctions for violations of discovery." *Black Diamond Energy, Inc. v. Encana Oil & Gas (USA) Inc.*, 2014 WY 64, ¶ 43, 326 P.3d 904, 915 (Wyo.2014) (citing *Roemmich v. Roemmich*, 2010 WY 115, ¶ 22, 238 P.3d 89, 95 (Wyo.2010)). When the district court grants a motion to compel for discovery violations, W.R.C.P. 37(a)(4)(A) authorizes the court to impose sanctions against the nonmoving party.

> [T]he court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees . . . .

[¶ 17] Recently, in *Fix v. Forelle*, 2014 WY 79, 327 P.3d 745 (Wyo.2014), we addressed the issue of whether a *pro se* attorney could recover fees when a contractual provision allowed for recovery of attorney's fees "incurred." *Id.* at ¶ 9, 327 P.3d at 747. We held the term "incur" unambiguously meant to " 'become liable or subject to[,]' " and declined to award the requested attorney's fees because the attorney representing himself was never liable or subject to those fees. *Id.* at ¶¶ 17-18, 327 P.3d at 749 (quoting Webster's II New College Dictionary 576 (3d ed. 2005) and Webster's Third New International Dictionary 1146 (2002)).

[¶ 18] In *Fix*, the award of fees and costs arose from a contractual provision in the subdivision covenants. *Fix*, 2014 WY 79, ¶¶ 9, 16, 327 P.3d at 747, 748-49. We discussed the split of authority on whether *pro se* attorneys could obtain attorney's fees for the value of their services and chose not to address that issue, but decided the case by interpreting the applicable restrictive covenants. We specifically limited the holding by stating:

> We will not answer the question of whether a *pro se* attorney can recover legal fees in general at this time. Even assuming a *pro se* attorney in Wyoming might generally be entitled to recover legal

---

2. The Basin Authority Agency is the local child support office within the Child & Home Support Division of the Wyoming Department of Family Services. *Local Child Support Offices by County*, Wyoming Department of Family Services, http://dfsweb.wyo.gov/child-support-enforcement/local-child-support-offices-by-county (last visited April 21, 2015).

3. At various times in his brief to the district court and in his appellate brief, Mr. Windham uses the terms attorney's fees, costs, and expenses interchangeably. In the context of Rule 37(a)(4)(A), "attorney's fees" and "expenses" are distinct legal terms. Attorney's fees are not at issue in this appeal because the appellee has not appealed, and we address only Mr. Windham's challenge to the district court's award of expenses under Rule 37(a)(4)(A).

fees where provided by statute or contract, we must look to the language of the statute or contract to determine whether fees are recoverable in any given case.

*Id.* at ¶ 15, 327 P.3d at 748.

[¶ 19] This case presents a different issue about whether attorney's fees under Rule 37 can be awarded to a party who is represented by a *pro bono* attorney. We consider the award of fees pursuant to Rule 37 in a different light, which encompasses the policy reasons for maintaining compliance with the rules of discovery, rather than simply providing for recompense to a prevailing party. "The principal objective of [Rule 37's] general deterrent policy ... is strict adherence to the 'responsibilities counsel owe to the Court and to their opponents[.]'" *Spitzer v. Spitzer*, 777 P.2d 587, 591–92 (Wyo.1989) (quoting *Penthouse Int'l, Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371, 387 (2d Cir. 1981)) (internal citations omitted). "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Id.* at 591 (quoting *Penthouse Int'l*, 663 F.2d at 386). We have recognized that: "[I]t is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary; but to remember that statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meaning." *Allied–Signal, Inc. v. Wyo. State Bd. of Equalization*, 813 P.2d 214, 229 (Wyo. 1991) (quoting *Cabell v. Markham*, 148 F.2d 737, 739 (2d Cir.), *cert. granted* 325 U.S. 847, 65 S.Ct. 1415, 89 L.Ed. 1969, *aff'd* 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165 (1945)).

[¶ 20] Federal courts interpreting nearly identical language have construed the authorization of attorney's fees under Federal Rule of Civil Procedure 37[4] to mean the value of attorney services provided to the party, rather than the amount actually paid

or owed by the party to its attorney. As we have previously noted, "Because the Wyoming Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, federal court interpretations of their rules are highly persuasive in our interpretation of the corresponding Wyoming rules." *Lamar Outdoor Adver. v. Farmers Co–Op Oil Co.*, 2009 WY 112, ¶ 12, 215 P.3d 296, 301 (Wyo. 2009); *see also Bratton v. Blenkinsop (In re Guardianship of Bratton )*, 2014 WY 87, ¶ 24 n. 6, 330 P.3d 248, 253 n. 6 (Wyo.2014) ("Because of the similarities between federal and Wyoming rules of civil procedure, we look to federal authority interpreting a particular rule as an aid in applying the comparable Wyoming rule.").

[¶ 21] In *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673 (10th Cir.2012), the appellant claimed that no attorney's fees were "incurred" under Fed.R.Civ.P. 37 because the fees were earned under a fixed-fee arrangement. The Tenth Circuit disagreed, finding that such an interpretation of Rule 37 would be contrary to the purpose of the Rule, as previously determined by the Supreme Court:

> To give but one example, in *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), the Supreme Court considered a fee award under § 1988 to a prevailing plaintiff represented by the Legal Aid Society of New York. The district court had awarded attorney fees based on prevailing market rates for the work performed by the Society. The defendant and the Solicitor General argued that reimbursement at such rates created a windfall and subsidized the Society because "market rates incorporate operating expenses that may exceed the expenses of nonprofit legal services organizations, and include an element of profit unnecessary to attract nonprofit counsel." *Id.* at 893, 104 S.Ct. [at] 154[6]. The Court rejected the argument. Relying on legislative history, it said that "Congress did not intend the

---

4. Fed.R.Civ.P. 37(a)(5)(A) provides that:

If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

calculation of fee awards to vary depending on whether plaintiff was represented by private counsel or by a nonprofit legal services organization." *Id.* at 894, 104 S.Ct. [at] 154[7]. Perhaps more striking, the Court did not even concern itself with the pro bono nature of the services provided and the plaintiff's having no actual outlays or obligations for attorney fees. Although the attorney-fee award is to the party, not the lawyers, the Court presumed that the award would ultimately go to the Society.

*Blum* is but one of countless examples that the courts construe the term *attorney fees* to mean, not the amount actually paid or owed by the party to its attorney, but the value of attorney services provided to the party. As stated in *Blanchard v. Bergeron,* 489 U.S. 87, 93, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989), "[A] 'reasonable attorney's fee' [is] reasonable compensation, in light of all the circumstances, for the time and effort expended by the attorney for the [party], no more and no less." In other words, an "attorney fee" arises when a party uses an attorney, regardless of whether the attorney charges the party a fee; and the amount of the fee is the reasonable value of the attorney's services. The payment arrangement for an attorney can vary widely—hourly rate, flat rate, salary, contingency fee, pro bono. What the client pays or owes the attorney may not accurately reflect the reasonable value of the services.

This interpretation of attorney fees is "an interpretation of [a fee-shifting] statute that is reasonable, consistent, and faithful to its apparent purpose." *Id.* at 100, 109 S.Ct. [at] 94[8] (Scalia, J., concurring). As we understand it, that purpose—generally shared by fee-shifting statutes and rules—is to protect and further legal rights by removing a disincentive to vindicating those rights (namely, the cost of retaining attorneys to pursue the rights) and creating a disincentive to violating them or failing to compensate victims for violations (namely, the cost of paying for the victims' attorneys). *See id.* at 93, 109 S.Ct. [at] 9[44] ("the purpose of § 1988 was to make sure that competent

counsel was available to civil rights plaintiffs"); *cf. Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, [2457], 65 L.Ed.2d 488 (1980) (discovery sanctions "deter those who might be tempted to [sanctionable] conduct in the absence of such a deterrent" (internal quotation marks omitted)).

. . . .

We see no reason to impose a different construction on the language of Rule 37— either the language of Rule 37(a)(5)(A) and (B) ("reasonable expenses incurred in making [or opposing] the motion, including attorney's fees") or that of Rule 37(b)(2)(C) ("reasonable expenses, including attorney's fees, caused by the failure [to obey an order]"). As stated in the 1970 advisory committee's note to Rule 37(a)(4):

[T]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists. And the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery.

The purpose of Rule 37 attorney-fee sanctions would be thwarted if a party could escape the sanction whenever opposing counsel's compensation is unaffected by the abuse, as when the fee arrangement is a contingency fee or, as here, a flat rate. *See Textor v. Bd. of Regents of N. Ill. Univ.,* 711 F.2d 1387, 1394–97 (7th Cir. 1983) (permitting attorney-fee award for work of salaried in-house counsel caused by opposing party's willful abuse of the judicial process); *Dixon v. Comm'r,* 132 T.C. 55, 101 (T.C.2009) (sanction for fraud on the court included attorney fee for work by pro bono counsel). Although we agree that in the usual case, "[t]he best evidence of the value of the lawyer's services is what the client agreed to pay," *Assessment Techs. [of WI, LLC v. WIREdata, Inc.],* 361 F.3d [434], [ ] 438 [ (7th Cir.2004) ], we refuse to assume that Centennial believed that extra efforts by its attorney caused by AECOM's violations of rules and orders were worthless. The fixed-fee arrange-

ment was undoubtedly based on the assumption by both attorney and client that the attorney would be performing typical services in litigation conducted under the governing law. The fixed fee is irrelevant to the value of the services performed because of AECOM's misconduct.

*Id.,* 688 F.3d at 679–681. *See also Roush v. Berosini,* 66 Fed.Appx. 725, 726 (9th Cir. 2003) (rejecting the argument that the trial court could not award fees under Fed. R.Civ.P. 37(a)(5)(A) because the client was not legally obligated to pay her attorneys under the existing contingency-fee agreement).

[¶ 22]  We agree with the reasoning of these federal courts. We therefore affirm the district court's award of expenses to Mrs. Windham.

### III. Did the district court abuse its discretion when it denied Mr. Windham's Rule 11 motion for sanctions?

[¶ 23]  "The purpose of W.R.C.P. 11 is to deter baseless filings and streamline the administration and procedure of courts." *Dewey v. Dewey,* 2001 WY 107, ¶ 16, 33 P.3d 1143, 1147 (Wyo.2001). Here, the district court conditionally approved Ms. Windham's attorney's request for attorney's fees under W.R.C.P. 37(a)(4)(A), but, recognizing the rule was unclear when the attorney represented her client *pro bono,* requested briefing and provided the opportunity for a hearing on the issue. As the district court explained when it ruled on the motion, "[i]t is an issue that has not come before this Court before, so I would not grant Rule 11 sanctions...." The district court requested further briefing and offered the opportunity for a hearing to resolve an issue that it reasonably believed had "yet to be decided." Ms. Windham's response to that request cannot be construed as a "baseless filing." We find no abuse of discretion in the district court's denial of Mr. Windham's Rule 11 motion for sanctions.

### CONCLUSION

[¶ 24]  We affirm the district court's order.