KAUTZ, Justice.
*881 [¶1] The district court dismissed Scott Oldroyd's medical malpractice suit against Tadge Kanjo, M.D., because Dr. Kanjo was not served with the complaint and summons within 90 days after the case was filed, as required by Wyoming Rule of Civil Procedure 4(w). The district court determined that Mr. Oldroyd had not established good cause for a mandatory extension of time to serve Dr. Kanjo. Finally, the court concluded that although Mr. Oldroyd had shown equitable factors in favor of a permissive extension, the district court would not grant such an extension because of prior procedural problems caused by Mr. Oldroyd's counsel. We find the district court's imposition of additional consequences on Mr. Oldroyd for past difficulties to be an abuse of discretion. We reverse and remand.
ISSUE
[¶2] The parties essentially state the same issue:
Did the district court abuse its discretion in dismissing Mr. Oldroyd's complaint?
FACTS
[¶3] Mr. Oldroyd filed a medical malpractice suit against Dr. Kanjo on July 21, 2017. The lawsuit alleged that Dr. Kanjo negligently provided medical care to Mr. Oldroyd at the hospital in Evanston, Wyoming. Alexander Gallup, a private investigator from Utah, served Dr. Kanjo with the complaint and summons on October 26, 2017, at an address in Salt Lake City, Utah.
[¶4] Dr. Kanjo filed a motion to dismiss the lawsuit, alleging that (1) it was filed after the two-year statute of limitations found in Wyo. Stat. Ann. § 1-3-107 (LexisNexis 2017) had run; and (2) the district court had no jurisdiction because Mr. Oldroyd untimely filed a claim with the medical review panel. Dr. Kanjo's motion erroneously relied upon W.R.C.P. 3(b), claiming that the date of service, October 26, 2017, was deemed as the date the action was commenced for purposes of the statute of limitations because service occurred more than 60 days after the case was filed. W.R.C.P. 3(b) had been repealed and replaced by W.R.C.P. 4(w).
[¶5] In response to Dr. Kanjo's motion to dismiss, Mr. Oldroyd's counsel apparently knew that W.R.C.P. 4(w) applied, even though the motion to dismiss did not mention the new rule. His response claimed he "made reasonable efforts to serve Defendant," and he asserted that the court "must extend the time for service pursuant to W. R.C.P. 4(w)." Mr. Oldroyd's counsel did not describe any specific efforts he made to locate or serve Dr. Kanjo, but generally alleged he made "numerous, good faith attempts, to locate and serve the Defendant." He attached two documents titled "declaration" signed by David Gallup and Alexander Gallup. Those documents are difficult to follow because they do not contain any time frames, nor do they describe what the servers did to try to locate Dr. Kanjo, or why they attempted service at various addresses. However, the process servers explained they first attempted to serve Dr. Kanjo at a residential address where they had previously served him in Sandy, Utah. After six attempts, they learned he "had vacated two months previous." They made four attempts at an address in South Jordan, Utah, without success. The process servers were unable to locate or ascertain Dr. Kanjo's whereabouts at two hospitals in Utah. Eventually, one of them found a potential work address for Dr. Kanjo, and the other one successfully served him there.
[¶6] The district court did not hold an evidentiary hearing on Dr. Kanjo's motion to dismiss or Mr. Oldroyd's claim for an extension of time to serve Dr. Kanjo under W.R.C.P. 4(w), but apparently relied on the facts recited in the motion to dismiss and the response. The district court determined it had jurisdiction, and after all savings and tolling statutes had been properly applied, the statute of limitations "would have expired on December 1, 2017."[1] Consequently, it *882 found that the lawsuit was timely. Nevertheless, the district court dismissed the lawsuit sua sponte because Dr. Kanjo was served 97 days after the case was filed, citing W.R.C.P. 4(w). The district court's order dismissing the case was dated February 22, 2018, effectively precluding Mr. Oldroyd from refiling his case because the statute of limitations had expired.
STANDARD OF REVIEW
[¶7] We review the district court's dismissal for untimely service for an abuse of discretion. See Jones v. Frank, 973 F.2d 872, 872 (10th Cir. 1992) and Espinoza v. United States , 52 F.3d 838, 840 (10th Cir. 1995). We likewise review the district court's denial of a plaintiff's motion to expand the time to effect service for an abuse of discretion. See Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1133 (11th Cir. 2005). We review the district court's interpretation of W.R.C.P. 4(w)de novo . See F.D.I.C. v. Canfield, 967 F.2d 443, 445 (10th Cir. 1992), cert. dismissed, 506 U.S. 993, 113 S.Ct. 516, 121 L.Ed.2d 527 (1992). A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. Pinther v. Pinther, 888 P.2d 1250, 1252 (Wyo. 1995) (quoting Dowdy v. Dowdy, 864 P.2d 439, 440 (Wyo.1993) ). Our review entails evaluation of the sufficiency of the evidence to support the district court's decision, and we afford the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party. Triggs v. Triggs, 920 P.2d 653, 657 (Wyo. 1996) ; Cranston v. Cranston, 879 P.2d 345, 351 (Wyo. 1994). Findings of fact not supported by the evidence, contrary to the evidence, or against the great weight of the evidence cannot be sustained. Jones v. Jones, 858 P.2d 289, 291 (Wyo. 1993). Similarly, an abuse of discretion is present " 'when a material factor deserving significant weight is ignored.' " Triggs, 920 P.2d at 657 (quoting Vanasse v. Ramsay, 847 P.2d 993, 996 (Wyo.1993) ); Stevens v. Stevens, 2014 WY 23, ¶ 8, 318 P.3d 802, 805-06 (Wyo. 2014) (quoting Bingham v. Bingham, 2007 WY 145, ¶ 10, 167 P.3d 14, 17-18 (Wyo. 2007) ). Meehan-Greer v. Greer, 2018 WY 39, ¶ 14, 415 P.3d 274, 278-79 (Wyo. 2018). Jacobson v. Kidd , 2018 WY 108, ¶ 14, 426 P.3d 813, 820 (Wyo. 2018).
DISCUSSION
[¶8] Mr. Oldroyd claims the district court abused its discretion in two respects. First, he asserts the district court erred in determining he had not shown "good cause for the failure" to timely serve Dr. Kanjo. A showing of "good cause" would have required the district court to extend the time for service. Second, Mr. Oldroyd argues that the district court erred in concluding a permissive extension of time to serve Dr. Kanjo was not warranted.
[¶9] Mr. Oldroyd's arguments are based on W.R.C.P. 4(w), which reads:
Time Limit for Service . - If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (w) does not apply to service in a foreign country under Rule 4(f).
Wyoming adopted Rule 4(w) effective March 1, 2017. It is identical to F.R.C.P. 4(m). Although we have not previously had occasion to address the rule, substantial federal precedent provides guidance for its application. "Because the Wyoming Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, federal court interpretations of their rules are highly persuasive in our interpretation of the corresponding Wyoming rules." Windham v. Windham, 2015 WY 61, ¶ 20, 348 P.3d 836, 842 (Wyo. 2015).
[¶10] Rule 4(w) requires the district court to dismiss a case when the defendant is not served within 90 days after the complaint is filed. Here, the 90 days within which Mr. *883 Oldroyd was required to serve Dr. Kanjo expired on October 19, 2017. The record shows Dr. Kanjo was not served until October 26, 2017, or 97 days after Mr. Oldroyd filed his complaint. However, there are two avenues by which a plaintiff may expand the time for service: a mandatory extension based on "good cause," and a discretionary extension based on factors unique to each case. Horenkamp, 402 F.3d at 1132-33.
[¶11] In deciding whether to extend time for service, a district court must consider both (1) whether the plaintiff has shown good cause, and (2) whether the facts of the case otherwise justify an extension. Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996) ; Thompson v. Brown, 91 F.3d 20, 22 (5th Cir.1996); Espinoza, 52 F.3d at 841 ; Petrucelli v. Bohringer & Ratzinger, GMBH, 46 F.3d 1298, 1307-08 (3d Cir.1995) ; Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009).
[¶12] The time limit for service found in W.R.C.P. 4(w) is not meant to be enforced harshly or inflexibly. Floyd v. United States, 900 F.2d 1045, 1049 (7th Cir. 1990) ; Williams v. Publix Warehouse, 151 F.R.D. 428, 431 (M.D. Fla. 1993). The rule was intended "to be a useful tool for docket management, not an instrument of oppression." Floyd , 900 F.2d at 1049 (quoting United States v. Ayer , 857 F.2d 881, 885-86 (1st Cir. 1988) ).
Good Cause
[¶13] Good cause exists, "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007). Although the rule does not define "good cause," authorities recognize that it exists when a plaintiff has made reasonable efforts to effect service. 1982 U.S.C. Cong. & Ad. News 4442; 2 Moore's Fed.Prac. ¶ 401 at 4-44.11. To demonstrate "good cause" for a mandatory extension of time for service, there must be some showing of "good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified." 10 Wright & Miller, Federal Practice and Procedure: Civil § 1165 at 622. "Mistake of counsel or ignorance of the rules also usually do not suffice" to constitute "good cause". In re Kirkland , 86 F.3d 172, 176 (10th Cir. 1996), citing Putnam v. Morris, 833 F.2d 903, 904 (10th Cir. 1987) ; Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994). A plaintiff seeking a mandatory extension of time has the burden of demonstrating good cause. Id.
[¶14] The district court here recognized that Mr. Oldroyd attempted to prove "good cause" by submitting statements of David Gallup and Alexander Gallup. It found "the affidavits include no dates with which to measure the efforts made by Plaintiff in locating Defendant, and the process servers offered no excuse for their failure to timely serve Defendant." Indeed, the record contains no indication of when Mr. Oldroyd's counsel or the hired process servers began to look for Dr. Kanjo. It offers almost no insight into any efforts made to locate Dr. Kanjo or the basis for those efforts. There is nothing in the record indicating that "some outside factor, such as reliance on faulty advice," prevented service.[2] The record supports the district court's finding that Mr. Oldroyd did not establish "good cause."
Discretionary Extension
[¶15] The district court considered the following factors as a guide for determining whether to grant a discretionary extension of time for service, based on a holding by the U.S. District Court for the District of Utah: (1) potential barring of claims under a statute of limitations, (2) prejudice to the defendant, (3) whether the defendant had notice, (4) likelihood of eventual service, (5) whether the plaintiff is represented by counsel, and (6) the length of the delay.
*884 Golden v. Mentor Capital, Inc ., No. 2:15-CV-00176-JNP-BCW, 2017 WL 3379106, at *3 (D. Utah Aug. 3, 2017). The first of these factors, whether the claim would be barred under the applicable statute of limitations, is specifically mentioned as a basis for a discretionary extension of time for service in the official comments to F.R.C.P. 4(m). That comment reads "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." F.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments.
[¶16] Expiration of the statute of limitations alone can be sufficient to grant a permissive extension of time for service. In Horenkamp , supra , the plaintiff twice requested that the defendant voluntarily waive service, and mistakenly computed the deadline. When the defendant did not respond, the plaintiff accomplished service 29 days late. The trial court determined the plaintiff had not shown good cause for a mandatory extension of time for service, but that a discretionary extension was appropriate because the statute of limitations would prevent the plaintiff from refiling. The Eleventh Circuit affirmed, stating "we agree with the district court that the circumstances of this case militate in favor of the exercise of the district court's discretion" to grant an extension. Horenkamp, 402 F.3d at 1133.
[¶17] Here, the trial court concluded that the six factors "lean slightly in favor of granting a permissive extension." The record indicates that five of the six factors, whether viewed individually or together, support an extension of time for service. Like in Horenkamp , Mr. Oldroyd will be prevented from pursuing his claims on the merits without an extension. There would be no discernible prejudice to Dr. Kanjo from a seven-day extension. Dr. Kanjo knew of Mr. Oldroyd's claim, although he may not have known a lawsuit had been filed. Dr. Kanjo had actually been served, albeit 7 days late, but well before the district court's ruling. That Mr. Oldroyd was represented by counsel is the only factor weighing against an extension.
[¶18] The district court appropriately concluded that the factors leaned in favor of an extension of time to serve Dr. Kanjo. However, the district court then determined that because Mr. Oldroyd's counsel, earlier in the case, had "repeatedly failed to follow Wyoming rules," had "failed to familiarize himself with Wyo. Stat. Ann. § 9-2-1518," and was guilty of "miscalculating the deadline for refiling his Complaint," it would not grant an extension. The district court denied a discretionary extension with the statement "Plaintiff has offered nothing to convince this Court that he had good cause for his failure to follow or familiarize himself with Wyoming law."
[¶19] "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." Johnson v. Clifford , 2018 WY 59, ¶ 8, 418 P.3d 819, 822 (Wyo. 2018). In the context of W.R.C.P. 4(w), judicial discretion involves use of the rule as a useful tool for docket management, not as an instrument of oppression. Here, the district court identified the objective criteria applicable to granting an extension of time for service. Those criteria weighed in favor of an extension. Rather than appropriately granting the extension, however, the court then punished Mr. Oldroyd for what the court considered to be his counsel's failures in other areas. If Mr. Oldroyd's counsel had violated other rules of procedure, or was not adequately informed about Wyoming law, there were and are appropriate consequences provided in the rules. Those other matters were unrelated to whether Mr. Oldroyd should receive a seven-day extension for service of Dr. Kanjo.
[¶20] We hold that the district court abused its discretion by denying a seven-day extension to Mr. Oldroyd. The order dismissing Mr. Oldroyd's complaint is reversed.

Neither party appealed the district court's determination that it had jurisdiction, nor its application of savings statutes or tolling statutes, and neither party appealed the district court's determination of the date on which the statute of limitations expired. Accordingly, the validity of those decisions and the facts related to them are not germane to this discussion.

The district court found that "the most disturbing failure by Plaintiff's attorney was his failure to contact Defendant's attorney for a current address...." There is nothing in the record to support this finding. This erroneous finding, however, does not affect our conclusion that Mr. Oldroyd failed to meet his burden.